Antonio Landan Ach, Petitioner and Appellant, *v.* Retirement Board of the Permanent Officers and Employees of the Insular Government, etc., Respondents and Appellees.

No. 9166. Argued June 1, 1945.—Decided June 15, 1945.

118

*Lionel Fernández Méndez* and *Juan Faría* for appellant. *Jesús A. González, Acting Attorney General,* and *Guillermo Cintrón Ayuso, Deputy Attorney General,* for appellees.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

The petitioner and appellant filled for over twenty years, on a permanent basis, the position of Male Nurse in the Department of Health of the Insular Government. In enacting the General Appropriation Act which was to be in force during the fiscal year from July 1, 1942, to June 30, 1943, the Legislature abolished said position and as a result the petitioner ceased in office.

In the petition filed in the District Court of San Juan it was alleged, in short, as follows:

At the time the petitioner ceased in office, he was over 60 years of age, had served the Insular Government for over 20 years, and had contributed to the Retirement Fund for over 10 years. He was drawing a salary of $50 monthly. Upon ceasing in office, the petitioner requested the respondent Retirement Board to liquidate his pension pursuant to § 8 of Act No. 23 of July 16, 1935, according to which he would be entitled to a life annuity amounting to 50 per cent of the salary he was drawing at the time he was involuntarily separated from the service. The petitioner alleged that the respondent had refused to make the liquidation as requested, and prayed for the issuance of a writ of mandamus commanding the Retirement Board to liquidate and pay to the petitioner a life annuity equivalent to 50 per cent of the annual salary of $600 which the petitioner was drawing at the time his position was abolished.

The respondent board in its answer alleged that the petitioner was not entitled to have his pension computed on the basis of an involuntary retirement, that he was only entitled to a pension on the basis of voluntary retirement by reason

of age which must be computed in accordance with §§ 4 and 9 of the Retirement Act; and that according to § 8 of said Act, in order to be entitled to a pension by reason of involuntary separation, the interested party must apply for it "before he is entitled to retire," which did not occur in the case of the petitioner herein, for when he applied for his retirement by reason of involuntary separation he was already entitled to apply for retirement by reason of his age.

The lower court rendered judgment denying the petition. The petitioner thereupon appealed, and in support of his appeal he urges that the trial court erred in construing § 8 of Act No. 23 of July 16, 1935, and in applying the same to the facts herein.

■ Let us examine the legal provisions relevant to the controversy between the parties.

Section 4 of said Retirement Act[1] provides that retirement shall be granted with a life annuity by reason of age, physical disability, length of service, or involuntary separation. In order to be entitled to retirement it is essentially required (a) that the employee be in active service on the date when he applies therefor and (b) that he should have contributed to the Retirement Fund for over 10 years.

Section 5 of the same Act[2] provides that when an employee in active service reaches the age of 60 years after

---

[1] "Section 4.—Retirement shall be granted with a life annuity by reason of age, physical disability, length of service, or involuntary separation, in accordance with the provisions of this Act. In no case shall there be granted a life annuity the amount of which exceeds 75 per cent of the average of the basic annual salary or compensation received by the applicant during the last ten years of service, nor shall any life annuity ever exceed one thousand five hundred (1,500) dollars. The term *basic salary* or *compensation*, as used in this Act, shall be understood to exclude any bonus, perquisite, remuneration for extraordinary services, or compensation paid in addition to the salary provided for the position by law or regulation; *Provided*, that no retirement shall be granted to any person not in active service on the date he applies therefor, or to those who have contributed to the retirement fund for a period of less than ten years."

[2] "Section 5.—Every official or employee in active service to whom this Act is applicable and who reaches the age of sixty (60) years after having

having rendered services for twenty years, he ''shall be entitled to retirement upon his application,'' and the amount of his life annuity must be fixed in accordance with the provisions of §§ 4 and 9 of the Act. Section 7 provides that any employee ''who has reached the age of fifty-five (55) years . . ., and who has rendered at least twenty-five (25) years of service,'' and ''any official or employee who had rendered at least thirty (30) years of service, regardless of age, shall be entitled to retirement with a life annuity computed in accordance with the provisions of Sections 4 and 9.''

It is evident that when an employee applies for his retirement pursuant to the right granted to him by §§ 5, 6, and 7 of the Retirement Act, that is, when the employee voluntarily retires from the service by reason of age, physical disability, or length of service, the life annuity to which he is entitled and the period of service rendered must be determined in accordance with the provisions of §§ 4 and 9 of the Act.

 In the present case no voluntary retirement is involved. Upon the taking effect of the General Appropriation Act which abolished the position held by the petitioner, the latter was in active service, had already attained the age of 60 years, had rendered 20 years of service, and had contributed to the Retirement Fund for over 10 years. He was therefore entitled, under § 5, ''to retirement upon his application,'' but he was not bound to retire. Although the petitioner had already reached the age of 60 years he was entitled to continue filling the position of Male Nurse; and so long as said position existed, no one could have compelled him to retire therefrom by reason of his age or the length of his service. Not having been removed from his position

---

rendered services for a period of not less than twenty (20) years, computed in accordance with Section 3 of this Act, shall be entitled to retirement upon his application, and the amount of life annuity to which he shall be entitled shall be fixed in accordance with the provisions of Sections 4 and 9 of this Act.''

for just cause, in accordance with the Civil Service Act, nor requested his retirement by reason of age, physical disability or length of service, the petitioner is entitled to have his life annuity computed in accordance with the legal provision applicable to the case of an employee who has been separated from office against his will.

Section 8 of Act No. 23 of 1935, which we consider as applicable to the facts herein provides:

"Section 8.—If an official or employee of forty-five (45) years of age, to whom this Act is applicable, after he has served for a period of not less than twenty (20) years and before he is entitled to retire, is involuntarily separated from the classified or unclassified Civil Service for any reason except removal, such official or employee shall be entitled to receive, from the date he ceases in office, fifty per cent of the salary he was drawing at the time he ceased in office until his reinstatement by the Civil Service Commission in a position equal or similar to that which he was holding. For this purpose, it shall be the duty of the said Commission to send, without any excuse or pretext whatsoever, the name of said employee to the head of the department where a vacancy occurs, and the latter shall appoint the said employee to fill the vacancy. If the employee so appointed should decline said appointment, the annuity he is receiving shall cease *ipso facto*, and the Retirement Board shall proceed to drop his name from the pensioners' pay roll; *Provided, however*, that if the employee so involuntarily separated is sixty (60) years old or over, the annuity allowed him shall be for life, without a right to reinstatement, but in no case shall he receive an annual pension of more than one thousand five hundred (1,500) dollars."

The lower court concluded that the petitioner was not entitled to a life annuity by reason of involuntary separation, because when said separation took place the petitioner was already entitled to voluntary retirement.

The interpretation given by the lower court to § 8, *supra*, is in open conflict with the one upheld by this court in *Del Valle* v. *Retirement Board*, 62 P.R.R. 198. The facts and the legal question raised in said case were practically the

same as those involved in the case at bar. And, in upholding the contention of the petitioning employee, we said:

"Said § 8 provides an exact and complete method for the computation of the pension of those involuntarily retired from the service. The essential requisites for a person to be entitled to a pension are (a) to be over 45 years of age and (b) to have served the Insular Government for a period of over 20 years. Petitioner and appellee herein is over 45 years of age, has served for a period of over 20 years, and has been involuntarily separated from his office. If petitioner were under 60 years of age, he would be entitled to receive one-half the salary he drew before without any limitation whatsoever until his reinstatement in another office; thus if his salary were $6,000 a year, the pension would be $3,000 a year. The petitioner being over 60 years of age, having served for over 20 years, and having been involuntarily separated from his office, the life annuity to which he is entitled according to the provisions of § 8 must amount to 50 per cent of the salary he was drawing at the time he ceased in office provided it does not exceed $1,500 a year. Sections 4 and 9, *supra*, are not applicable to a case like the one at bar."

The respondent board has sought to establish a distinction between the *Del Valle* case and the instant case, on the ground that in the former the petitioning employee was not entitled to retirement on the date when he was involuntarily separated from his office, because at that time he had contributed to the Retirement Fund for a lesser period than the ten years required by § 4 of the Act. Conceding, without holding, that such a distinction exists, the same has absolutely no importance where an involuntary separation is involved, as in the case at bar and that of Del Valle. The purpose of the lawmaker, as set forth in § 8 of the Act, is to protect a public employee who has served for over 20 years and who is over 45 years of age, but who, not having attained the age of 60 years—which would enable him to voluntarily retire by reason of age—has not yet acquired the right to retire. When an employee thus situated is in-

voluntarily separated from the service, he becomes, *ipso facto,* entitled to a pension amounting to 50 per cent of the salary he was drawing at the time of his separation until he is reinstated in a position equal or similar to that which he was holding. In the case of an employee involuntarily separated from the service when he is over 60 years of age, the express intention of the lawmaker is that he should continue out of the service, without a right to reinstatement, and that he should receive a life annuity amounting to 50 per cent of the salary he drew before, provided such an annual pension does not exceed $1,500. If the legislative intention had been that the pension in a case of involuntary separation, such as the present, should be computed in accordance with §§ 4 and 9 of the Act, it would have been very easy for the lawmaker to expressly so declare, as he did in §§ 5, 6, and 7 of the Act, relating to the cases of voluntary retirement.

We can not agree that it was the intention of the Legislature to grant to an employee who has been involuntarily separated from the service before becoming entitled to voluntary retirement, a larger pension than the one granted to an employee who, after having acquired the right to retirement by reason of age, length of service, and contribution to the Retirement Fund is involuntarily separated from the service as a result of the abolishment of his position.

The judgment appealed from should be reversed and another rendered instead ordering the respondent Retirement Board to liquidate and pay to the petitioner a life annuity amounting to 50 per cent of the annual salary of $600 which he was drawing at the time he was involuntarily separated from the service, with costs, including the sum of $100 as attorney's fees.